UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOANN AUCLAIR,

    Plaintiff,

v.                                      CASE NO: 2:19-cv-697-FtM-38MRM

BONITA SPRINGS LODGE #2753
BENEVOLENT AND PROTECTIVE
ORDER OF ELKS OF THE UNITED
STATES OF AMERICA, INC.,

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS**

COMES NOW, Defendant Bonita Springs Lodge #2753 Benevolent And Protective Order of Elks Of The United States of America, Inc. ("Defendant"), by and through the undersigned counsel, and hereby files this its Response to Plaintiff's Motion to Dismiss, stating as follows:

The Court should not permit Plaintiff to change her forum midstream when there is no reasonable explanation for the desired action, and Defendant will suffer legal prejudice. Plaintiff filed this action on September 23, 2019, more than eight months ago. [DKT 1.] Defendant filed an Answer on October 28, 2020. [DKT 15.] As such, pursuant to Rule 41, Plaintiff can only dismiss a case by consent or with permission from the Court or by consent of the parties. Rule 41(a)(1)-(2), *Federal Rules of Civil Procedure*. Specifically, Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action. A district court has broad discretion when considering a Rule 41(a)(2) motion for voluntary dismissal. *See In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006)("The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court").

Courts considering voluntary dismissals under Rule 41(a)(2) consider whether the defendant will suffer some legal prejudice. In considering whether the defendant would suffer some legal prejudice, the court should consider such factors as: (1) "the defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the plaintiff's part"; (3) whether the plaintiff offers an "insufficient explanation for the need to take a dismissal"; and (4) whether the defendant has filed a motion for summary judgment. *Penzold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (quoting *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Defendant will suffer clear prejudice if the Court permits the dismissal without prejudice, based on the first three prongs of the *Penzold* test. First, Defendant is a non-profit with limited funds, and it would be an undue hardship for it to have to start the entire litigation process over in state court. Second, there has been an excessive delay in seeking the dismissal. More than eight months have passed since the Complaint was filed. As far as due diligence is concerned, Plaintiff's only basis for suddenly needing to dismiss the case is based on Plaintiff's review of her own (alleged) records.

The third prong of the test, in particular, does not support dismissal. Plaintiff's sole explanation for needing to dismiss the case is that she has now concluded the Court lacks jurisdiction over her claims, and that she needs to be in state court (and intends to refile there). Plaintiff argues that the Court cannot exercise jurisdiction over her case because she is only seeking damages for alleged minimum wage violations, not overtime. The explanation does not withstand scrutiny. This is a lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA"). The FLSA encompasses both overtime and minimum wage claims. 29 U.S.C. §§206-07. Indeed, the Complaint itself, in paragraph 1, alleged that the Court has jurisdiction pursuant to the FLSA

because Plaintiff seeks damages for alleged "unpaid back wages, minimum wages, overtime wages and an equal amount in liquidated damages."[1] [DKT 1, p. 1.] At multiple points in the Complaint, Plaintiff alleges minimum wage violations, and specifically references them in paragraph 25, where she seeks damages for alleged violations of 29 U.S.C. § 206 (minimum wage). [DKT 1, p. 4.] At all times in this lawsuit, Plaintiff has been seeking the relief she is now erroneously contending she cannot seek in federal court. The Court should therefore exercise its discretion and deny Plaintiff's motion to dismiss its case.

If the Court nevertheless opts to permit the voluntary dismissal, such dismissal should not be without consequence. "Rule 41(a)(2) exists chiefly for protection of defendants." *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377, 378 (S.D. Fla. 2001). *See also McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986)("The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."). The Eleventh Circuit, in *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986), made clear that in exercising its "broad equitable discretion under Rule 41(a)(2)," the district court may condition a dismissal without prejudice on the payment of reasonable fees and costs. Defendant is a small-revenue non-profit. Consequently, in the event the Court permits the dismissal, Defendant requests that Plaintiff be required to pay its reasonable attorney's fees and costs to date so as to not unfairly burden Defendant with unnecessary expenses and delays due to Plaintiff's desire to change its forum midstream.

---

[1] Defendant reasserts its contention that Plaintiff's claims are not actionable, but not because the Court does not have jurisdiction over alleged FLSA minimum wage violations.

This the 9th day of June, 2020.

/s/ Scott E. Atwood
Scott E. Atwood
Florida Bar No. 60331
**HENDERSON FRANKLIN**
**STARNES & HOLT, P.A.**
1715 Monroe Street
Post Office Box 280
Fort Myers, FL 33902-0280
Telephone  (239) 344-1100
Facsimile   (239) 344-1200
scott.atwood@henlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing Defendant's Response to Plaintiff's Motion to Dismiss was electronically filed with the Clerk of Court via the Court's CM/ECF system, which will send notice of electronic filing to all counsel of record.

This the 9th day of June, 2020.

/s/ Scott E. Atwood
Scott E. Atwood
Florida Bar No. 60331