UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOANN AUCLAIR,

    Plaintiff,

v.                                                          Case No.:  2:19-cv-697-FtM-38MRM

BONITA SPRINGS LODGE #2753
BENEVOLENT AND PROTECTIVE
ORDER OF ELKS OF THE UNITED
STATES OF AMERICA, INC.,

    Defendant.
_____/

# **ORDER**[1]

Before the Court is Plaintiff Joann Auclair's Motion to Dismiss (Doc. 28) and Defendant Bonita Springs Lodge #2753 Benevolent and Protective Order of Elks of the United States of America, Inc.'s ("Elks") response in opposition (Doc. 29).  The Court denies the Motion without prejudice.

This is a Fair Labor Standards Act ("FLSA") case for unpaid overtime.  (Doc. 1). After reviewing her time records, Auclair says the Court lacks jurisdiction because she did not work over forty hours per week.  So Auclair wants the Court to dismiss and allow her to file an unlabeled minimum wage violation claim in state court.  (Doc. 28-1).

Before turning to the dismissal, the Court addresses jurisdiction.  There is subject-matter jurisdiction because a federal question (i.e., FLSA overtime) appears on the face of the well-pled Complaint.  *E.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Even if that claim ultimately fails, the Court still has jurisdiction over it. While Auclair intends to abandon the overtime claim and bring a minimum wage claim instead, she has not done so by amending the pleading. Notably, the deadline to amend the pleadings has not lapsed. (Doc. 26 at 1). The Court, therefore, has jurisdiction from the face of the Complaint. What is more, the FLSA governs minimum wage violations too. 29 U.S.C. § 206. So unless Auclair brought the minimum wage claim only under state law, the Court would have jurisdiction. Yet neither the Motion nor its attached proposed complaint specify Auclair's new theory. Like a recent case, the Court concludes there is jurisdiction and turns to the Motion. *Vanessa Bell-Smith v. SWF Food & Beverage, LLC*, No. 2:19-cv-00473-TJC-MRM (M.D. Fla.) (Doc. 34).

Federal Rule of Civil Procedure 41 governs the voluntary dismissal of a case. Without court intervention, a plaintiff can dismiss before the defendant answers or moves for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Or the parties can all stipulate to dismissing a case. Fed. R. Civ. P. 41(a)(1)(A)(ii). Here, Elks answered (Doc. 15) and does not consent to dismissal (Doc. 29). So the Court construes the Motion under Rule 41(a)(2), which allows dismissal "on terms that the court considers proper."

"A voluntary dismissal without prejudice is not a matter of right." *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991). Typically, "dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." *Id.* at 1502-03. The decision, however, "is within the sound discretion of the district court." *Id.* at 1503. And when exercising that discretion, a "court should keep in mind the interests of the defendant" because "Rule 41(a)(2) exists chiefly for protection of defendants." *Id.*

To decide whether a defendant suffers prejudice, many courts consider multifactor tests. *E.g.*, *United States v. $70,670 in U.S. Currency*, No. 15-CV-23616-GAYLES/TURNOFF, 2018 WL 278890, at *2 (S.D. Fla. Jan. 3, 2018). While the Eleventh Circuit never specifically approved of any, it instructs district courts to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) (citation omitted). One Middle District case focused on "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (citation omitted).

On this briefing, three of those prongs currently favor denying the Motion. First, this case was litigated here for over eight months before Auclair moved to dismiss. At this point, it may add effort and expense to Elks' trial preparation to restart the case in state court. *See id.* But it is unclear what preparation has occurred. Second, it appears both parties showed a lack of diligence and excessive delay in prosecuting this case. *See id.* Time records were due to Auclair five-and-a-half months before she filed this Motion. (Doc. 19 at 1-2). And in her interrogatories six months ago, Auclair attested to working zero overtime hours. (Doc. 20-1 at 1). Yet Auclair never amended and Elks never moved for judgment on the overtime claim. The purpose of the Court's FLSA Scheduling Order is to avoid this situation where the parties waste time, money, and judicial resources litigating a loser. Neither party explains why they allowed this case to continue for so long

after having the documents showing the overtime claim was doomed to fail.  And third, Auclair provides no explanation or argument for why a dismissal is appropriate.  *See id.*  In this District, motions must include a memorandum of law to support the request.  Local Rule 3.01(a).  Auclair's four-sentence Motion does nothing to counter the prejudice Elks contends it will suffer or address why she is entitled to relief.

Of course, the Court will not force Auclair to litigate.  But a Rule 41(a)(2) dismissal may be conditioned on "the imposition of curative conditions."  *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) (citation omitted).  Those conditions can include reasonable attorney's fees and costs.  *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986).  Given the situation described above, the parties must address what conditions the Court can craft for an equitable resolution.  For now, however, the Court denies the Motion without prejudice.  Auclair can refile a proper motion—arguing entitlement to relief.  And that renewed motion should account for the possibility of imposing fees or other curative conditions.  Then, Elks' response should address how fees or other conditions are proper here where it failed to move for any type of dispositive relief despite knowing the claim would fail.

Accordingly, it is now **ORDERED:**

Plaintiff's Motion to Dismiss for Lack of Jurisdiction (Doc. 28) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of June, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record